IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC YOUNG | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WILLIAM WOLFE, et al. | : | NO. 02-3004 |

REPORT AND RECOMMENDATION

CAROL SANDRA MOORE WELLS                                                November 19, 2002
UNITED STATES MAGISTRATE JUDGE

Presently before this Court is a Petition for Writ of Habeas Corpus filed, *pro se*, pursuant to 28 U.S.C. § 2254. Eric Young ("Petitioner") currently is incarcerated at the State Correctional Institution at Albion, Pennsylvania. Petitioner seeks habeas relief based on alleged denial of his right to appeal and alleged violation of his Eighth Amendment right against cruel and unusual punishment. The Honorable John P. Fullam referred this matter to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1). For reasons that follow, this unexhausted petition should be dismissed, without an evidentiary hearing and without prejudice to Petitioner's right to refile at the conclusion of state court proceedings .

I. BACKGROUND AND PROCEDURAL HISTORY[1]

The facts leading to Petitioner's arrest and convictions, as summarized by the Superior Court of Pennsylvania, are as follows:

> On September 27, 1997, at approximately 8:30 p.m., [Petitioner] and his victim, Joseph Moore, were on the 3800 block of Aspen Street in Philadelphia. The victim was seen running from [Petitioner]. [Petitioner] then pointed a gun and fired five shots at the

---

[1]The background and procedural history were gleaned from the Petition for Writ of Habeas Corpus and the Commonwealth's letter brief, inclusive of all exhibits thereto.

>victim. The victim was struck in the back by one of the [Petitioner's] bullets and fell to the ground. [Petitioner] then fled and Philadelphia Police were summoned to the scene.
>
>When Police Officer John Hargraves arrived at the scene, he found the victim lying face down in a pool of blood, unresponsive, without a pulse and with multiple gunshot wounds. [footnote omitted]. Police transported the victim to the hospital where he was later pronounced dead. The bullet removed from his body was fired from a 9 millimeter handgun. At the crime scene, the police recovered five bullet casings from a 9 millimeter hand gun that were grouped together.
>
>Crystal Fleming, an eyewitness, told the police that shortly before the shooting the victim came into her house, said something to her, and put a pair of brass knuckles in his pocket. Approximately twenty minutes later, she saw [Petitioner], with gun in hand, point his weapon and fire five shots at the victim's back as the victim was running from him. A warrant was issued for [Petitioner's] arrest.
>
>Despite significant efforts to locate him, [Petitioner] managed to remain a fugitive for more than two years, until his capture on November 8, 1999. In a voluntary statement to police shortly after his arrest, [Petitioner] said that he had shot Mr. Moore after they had a fight. [Petitioner] stated that when the fighting ended and he discovered that he had sustained head wounds, he obtained a gun from "an associate" and began shooting at the victim. According to [Petitioner], he fired the shots "to scare" the victim.

*Commonwealth v. Young*, No. 3216, mem. op. at 1-2 (Pa. Super. Ct. Nov. 8, 2001).

On July 14, 2000, following a bench trial in the Court of Common Pleas of Philadelphia County, before Judge Jane Greenspan, Petitioner was convicted of murder in the third degree and possessing an instrument of crime ("PIC"). *See Commonwealth v. Young*, No. 1089 at *1 (Ct. Com. Pl. Philadelphia County Jan. 11, 2001). Petitioner was sentenced on October 11, 2000 to concurrent terms of imprisonment of fifteen (15) to thirty (30) years for the murder charge and one (1) to two (2) years for the PIC charge. *See id.* His motion for reconsideration of the sentence was denied.

*See id.* On direct appeal to the Superior Court of Pennsylvania, Petitioner challenged the weight and sufficiency of the evidence; however, Superior Court affirmed the conviction on November 8, 2001. *See Commonwealth v. Young*, No. 3216, mem. op. at *1-2 (Pa. Super. Ct. Nov. 8, 2001). Petitioner's December 10, 2001 Petition for Premission [*sic*] to File Petition for Allowance of Appeal *Nunc Pro Tunc* was denied by the state Supreme Court, on March 8, 2002. *See Commonwealth v. Young*, Misc. Dkt. No. 163 EM 2001, Misc. Dkt. Sheet (Supreme Ct. of Pa. Nov. 7, 2002), Attachment "A."

Petitioner filed the instant petition for writ of habeas corpus on May 20, 2002. He asserts that his right of appeal was denied and that his Eighth Amendment protection against cruel and unusual punishment was infringed upon. *See* Pet. at 9. The Commonwealth contends, and this court finds, that Petitioner's claims are unexhausted, and, thus, not ripe for federal habeas review.

## DISCUSSION

It is well settled that, absent exceptional circumstances, a federal court will not entertain the claims of a habeas corpus petitioner until he has exhausted the available state remedies. *See* 28 U.S.C. § 2254(b)(1)(A);[2] *Rose v. Lundy*, 455 U.S. 509, 519 (1982); *Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993), *aff'd* 30 F.3d 1488 (3d Cir. 1994). *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Brown v. Cuyler*, 669 F.2d 155, 157 (3d Cir. 1982). The policy behind the total exhaustion doctrine is rooted in our tradition of comity: the state must be given the "initial opportunity to pass upon and

---

[2]The exhaustion requirements of 28 U.S.C. § 2254 provide:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court shall not be granted unless it appears that
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>> (B) (i) there is an absence of available State Corrective process; or
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant . . .
>
> (c) an applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

correct" alleged violations of a petitioner's constitutional rights. *Picard v. Connor*, 404 U.S. at 275 (citing *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971)); *see also Tillett v. Freeman*, 868 F.2d 106 (3d Cir. 1989). Traditionally, to exhaust his claims, a petitioner must fairly present the identical claims (on both facts and theory) he wants the federal habeas Court to review theory to all levels of the state judicial system, including the state's highest court. *See Anderson v. Harless*, 459 U.S. 4 (1982), *Gibson v. Scheidmantal*, 805 F.2d 135 (3d Cir. 1986); *Evans v. Ct. Com. Pl.*, 959 F.2d 1227 (3d Cir. 1992)(claim must have been presented to intermediate appellate court, as well as state's highest court); *Brown v. Cuyler*, 669 F.2d 155 (3d Cir. 1982). However, because the Supreme Court of Pennsylvania, on May 9, 2000, through adoption of Rule #218 of Judicial Administration[3] pronounced that convicted criminals need not appeal to the state's highest court to exhaust their claims, a habeas claim processed through the Superior Court will be deemed exhausted. *See Mattis v. Vaughn*, 128 F.Supp.2d 249, 260-261 (E.D.Pa 2001 Antwerpen, J.)(concluding that "principles of deference to Supreme Court dicta and of comity towards the state courts, which is the basis of the exhaustion doctrine, require us to respect the pronouncement of the Pennsylvania Supreme Court in Order No. 218.")

Plaintiff has never presented either of his current habeas corpus issues to any state court. Thus, both of his federal claims are unexhausted. Although federal courts will deviate from the exhaustion requirement where highly exceptional circumstances warrant federal intervention, *see*

---

[3] Pennsylvania Rule #218 of Judicial Administration provides as follows:

> We hereby declare that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing or allowance of appeal following an adverse decision by the Superior Court in order to be deemed to have exhausted all available state remedies respecting a claim of error. When a claim has been presented to the Superior Court, or to the Supreme Court of Pennsylvania, and relief has been denied in a final order, the litigant shall be deemed to have exhausted all available state remedies for purposes of federal habeas corpus relief.

*Duckworth v. Serrano*, 454 U.S. 1 (1981), no such circumstances mandate immediate relief in this case. Plaintiff still has the opportunity to seek redress in state court, through filing a Post Conviction Relief Act ("PCRA")[4] Petition. *See* 42 Pa.Con.Stat.Ann. § 9541, et seq. The PCRA, as amended on January 16, 1996, allows Petitioner one year from the date his conviction became final to present his post-conviction claims. *See id.* § 9545(b). Petitioner's conviction became final on or about December 8, 2001, when the time for him to seek review in the Supreme Court expired.[5] Therefore, Petitioner has until December 7, 2002 to raise his habeas issues in PCRA proceedings in state court. Inasmuch as there is no indication that pursuit of this post-conviction corrective process would prove deficient or futile, this Court should postpone hearing the merits of Petitioner's habeas petition until he has exhausted this avenue of relief. Furthermore, the PCRA court's determination may render the issues before this Court moot, or alternatively, enhance the state court record and further elucidate the record regarding the state court's rationale for its decisions.

Accordingly, this Court should deny and dismiss the habeas petition without prejudice to Petitioner's right to refile his petition for writ of habeas corpus in this Court upon conclusion of the state court proceedings. This Court stresses that, Plaintiff should *immediately* file a PCRA petition raising the identical issues asserted in this premature habeas petition to meet the state court's December 7, 2002 deadline.

---

[4]The applicable rule provides:

> (b)(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final . . . .
>
> (b)(3) . . . a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.Cons.Stat.Ann. § 9545(b)(1), (3)(i).

[5]Pendency of Petitioner's *nunc pro tunc* appeal to the Pennsylvania Supreme Court, filed December 10, 2001, did not affect the date of finality of his conviction. *See Commonwealth v. Hutchins*, 760 A.2d 50, 54 (Pa. Super. Ct. 2000)(holding when appellant fails to petition for allowance of appeal to the state Supreme Court within thirty (30) days of the Superior Court's final order, direct review of his conviction is concluded at the expiration of the thirty day period.)

Accordingly, I make the following:

## RECOMMENDATION

AND NOW, this 19th day of November, 2002, for the reasons set forth in the preceding report, it is hereby RECOMMENDED that the Petition for Writ of Habeas pursuant to 28 U.S.C. § 2254 be DENIED and DISMISSED WITHOUT PREJUDICE to Petitioner's right to refile at the conclusion of the required state court proceedings. Petitioner cannot make a showing of a denial of a constitutional right, in that he is not yet eligible for federal review or relief. Thus, a certificate of appealability should be DENIED.

                                                BY THE COURT:

                                                _____
                                                CAROL SANDRA MOORE WELLS
                                                United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC YOUNG | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WILLIAM WOLFE, et al. | : | NO. 02-3004 |

**ORDER**

AND NOW, this       day of          , 2002, upon consideration of Petitioner's *pro se* Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, the Commonwealth's letter brief, inclusive of all exhibits thereto, and the record herein, and after review of the Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells, it is hereby ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED;

2. The Petition for Writ of Habeas Corpus is DISMISSED WITHOUT PREJUDICE to Petitioner's right to refile at the conclusion of state court proceedings;[1] and

3. Petitioner has failed to make a showing of a denial of a constitutional right, in that he is not yet eligible for habeas review or relief. Thus, a certificate of appealability is DENIED.

IT IS SO ORDERED.

BY THE COURT:

_____
JOHN P. FULLAM, J.

---

[1] Petitioner must file his PCRA Petition in state court on or before December 7, 2002 or risk default of his habeas claims.