taped confession, to the same effect as the testimony of the eyewitnesses, was presented to the court. The only contested issue at trial was whether the evidence proved that the petitioner acted in reckless disregard of the high probability that the decedent would be killed (sufficient to show the legal malice required for third degree murder), or whether petitioner acted in the heat of passion or under such provocation as would warrant a conviction for voluntary manslaughter only. These factual issues were resolved against the petitioner by the trial judge, in a thorough opinion. The conviction was sustained on direct appeal to the Pennsylvania Superior Court, and the Pennsylvania Supreme Court rejected an application for *certiorari*.

Thus, petitioner's claim that he was denied his right of appeal is refuted by the record.

Conceivably, petitioner is referring to the fact that, after the Superior Court rendered its opinion denying his direct appeal, the time within which he might apply for *certiorari* to the Pennsylvania Supreme Court expired on December 7, 2001, and his court-appointed counsel thereupon filed, on December 10th, an application for leave to file an untimely application for *certiorari* (based upon a death in the immediate family of petitioner's counsel). Petitioner's counsel sought a 90-day extension of time for applying for *certiorari*. Approximately 90