```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

ERIC YOUNG                          :       CIVIL ACTION
                                    :
    v.                              :
                                    :
WILLIAM WOLFE, et al.               :       NO. 02-3004


<u>MEMORANDUM AND ORDER</u>

Fullam, Sr. J.                                   December    , 2002

       The Magistrate Judge to whom this habeas corpus case was referred has filed a report recommending that the petition be dismissed without prejudice for failure to exhaust available state remedies. The *pro se* petitioner raises only two issues: (1) denial of a right of appeal, and (2) excessive sentence constituting cruel and barbarous treatment in violation of the Eighth Amendment. I agree that the first issue has not been presented, in terms, to any state court. I am inclined to believe that the second issue has, in effect, been presented to, and rejected by, the appropriate state appellate courts. I further conclude, however, that neither issue has any conceivable merit, and that this petition may therefore be denied without requiring further recourse to the state courts.

       Petitioner was tried non-jury, and was convicted of three degree murder. According to eyewitnesses, petitioner shot the victim five times while the victim was running away, after a physical confrontation between the two men. Petitioner's video

taped confession, to the same effect as the testimony of the eyewitnesses, was presented to the court.  The only contested issue at trial was whether the evidence proved that the petitioner acted in reckless disregard of the high probability that the decedent would be killed (sufficient to show the legal malice required for third degree murder), or whether petitioner acted in the heat of passion or under such provocation as would warrant a conviction for voluntary manslaughter only.  These factual issues were resolved against the petitioner by the trial judge, in a thorough opinion.  The conviction was sustained on direct appeal to the Pennsylvania Superior Court, and the Pennsylvania Supreme Court rejected an application for *certiorari*.

Thus, petitioner's claim that he was denied his right of appeal is refuted by the record.

Conceivably, petitioner is referring to the fact that, after the Superior Court rendered its opinion denying his direct appeal, the time within which he might apply for *certiorari* to the Pennsylvania Supreme Court expired on December 7, 2001, and his court-appointed counsel thereupon filed, on December 10th, an application for leave to file an untimely application for *certiorari* (based upon a death in the immediate family of petitioner's counsel).  Petitioner's counsel sought a 90-day extension of time for applying for *certiorari*.  Approximately 90

days thereafter, in March 2002, the Pennsylvania Supreme Court denied the application. It is not entirely clear whether the Pennsylvania Supreme Court considered the merits of the application for *certiorari*, or rejected it as untimely filed. In either case, however, petitioner suffered no cognizable prejudice as a result, since discretionary review by the Pennsylvania Supreme Court is not required in order to exhaust state remedies. The refusal of the Pennsylvania Supreme Court to grant a writ of *certiorari*, whether based upon the merits of the application, or the timeliness of the application, involves no federal constitutional issue.

     Petitioner was sentenced to a prison term of not less than 15 years nor more than 30 years. Under Pennsylvania law, a person convicted of third degree murder "shall be sentenced to a term which shall be fixed by the court at not more than 40 years." Since petitioner's sentence was substantially below the statutory maximum, it cannot be successfully attacked on federal constitutional grounds. The sentence was authorized by law, and, in the circumstances of this case, cannot possibly be viewed as cruel or excessive within the meaning of the Eighth Amendment.

     Although the foregoing discussion suffices to dispose of this case, I consider it appropriate to mention the unfortunate procedural course this case has involved. Petitioner is confined in the Western District of Pennsylvania, and

initially filed his *pro se* petition in that district. A Magistrate Judge recommended that the case be transferred to this district, since petitioner had been convicted and sentenced in Philadelphia. In due course, the District Judge approved that recommendation, and the case was transferred to this court. The District Attorney's office was directed to file a response within a specified period of time. Instead of doing so, the District Attorney's office filed repeated applications for extensions of time for a response, resulting in several grants of extensions, including a final request for an extension of time until mid-December 2002. In mid-November 2002, the assigned Assistant District Attorney wrote a letter to the Magistrate Judge stating that it had just come to his attention that the petitioner had failed to exhaust his state remedies, and that the deadline for filing a PCRA petition in the state courts was scheduled to expire in early December. Upon receipt of this letter, the Magistrate Judge, without waiting for a formal response to the petition for habeas corpus, filed her Report and Recommendation as set forth above.

If there were any conceivable potential merit to petitioner's habeas petition, and if in fact the petitioner had failed to exhaust available state remedies, the District Attorney's unconscionable delay in responding to the petition cannot readily be squared with due process requirements;

4

presumably, the limitations period for filing a PCRA application should be deemed to have been tolled during the periods of delay caused by the District Attorney's office.  (The only stated reason for extending the response time was the assertion that the District Attorney's office was too busy to attend to the matter.) But, since the habeas petition lacks merit, those issues need not be pursued.

      For the reasons stated above, I have concluded that petitioner's claim that his sentence was excessive has been adequately presented to the state courts, by his petition for reconsideration of sentence, and by his direct appeal to the Pennsylvania Superior Court, and that it is entirely lacking in merit.  I have further concluded that the assertion that his right of appeal has been denied is plainly refuted by the record. The petition for habeas corpus relief will therefore be denied.

      An Order follows.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ERIC YOUNG                        :      CIVIL ACTION
                                  :
     v.                           :
                                  :
WILLIAM WOLFE, et al.             :      NO. 02-3004
```

ORDER

AND NOW, this    day of December, 2002, upon consideration of the Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells, IT IS ORDERED:

1. The Report and Recommendation is APPROVED and ADOPTED in part.

2. The petition for writ of habeas corpus is DENIED.

3. Petitioner having failed to make a showing of a denial of a constitutional right, a certificate of appealability is DENIED.

_____
John P. Fullam, Sr. J.